IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EDDIE TREVINO, | § § | |
| *Plaintiff,* | § § | SA-19-CV-00285-FB-ESC |
| vs. | § § § | |
| STEINREAL 1 FAMILY LIMITED PARTNERSHIP, d/b/a NACO CENTRO, ARTHUR NEWMAN, deceased; HARRY E. NEWMAN, d/b/a EL DORADO VILLAGE, and KATHLEEN KINDER, REPRESENTATIVE OF THE ESTATE OF ARTHUR NEWMAN, | § § § § § § § § § § § | |
| *Defendants.* | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiff Eddie Treviño's ("Treviño") Motion to Remand [#3], Treviño's Motion for Leave to File Complaint [#18], Treviño's Amended Motion to Remand [#22], and Treviño's Second Amended Motion to Remand [#27]. On May 13, 2019, the Honorable Fred Biery referred all pretrial proceedings in this case to the undersigned for disposition pursuant to Rule 72 of the Federal Rules of Civil Procedure and Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas [#8]. The undersigned has authority to enter this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Treviño's Motion to Remand and Amended Motion to Remand be **DENIED AS MOOT,** and that Treviño's Second Amended Motion to Remand be **DENIED.** In addition, Trevino's Motion for Leave to File Complaint is **GRANTED.** Finally, it is also recommended

1

that the Court decline to continue to exercise supplemental jurisdiction over Treviño's state-law claims, and that this case be **REMANDED** to the 150th Judicial District Court of Bexar County, Texas.

## I. Factual and Procedural Background

At issue is whether the Court has subject-matter jurisdiction over this case. The relevant procedural history is as follows. On October 4, 2016, Treviño was injured in a trip-and-fall accident in San Antonio, Texas. (Pl.'s Fifth Am. Pet.[1] at 2.) Treviño filed a petition against Steinreal Corporation in the 150th Judicial District Court of Bexar County, Texas, alleging claims for negligence and statutory violations of the Texas Commission on Human Rights Act ("the TCHRA") and the Texas Accessibility Standards of the Texas Architectural Barriers Act ("the TABA"). Treviño thereafter filed a first amended petition, which added Arthur Newman, who was deceased, and Harry E. Newman, doing business as El Dorado Village, as defendants. Treviño then filed a second amended petition, which added Steinreal 1 Family Limited Partnership, doing business as Naco Centro, as a defendant. Treviño ultimately non-suited his claims against Steinreal Corporation. Treviño subsequently filed a third amended petition, which added Kathleen Kinder, Representative of the Estate of Arthur Newman, as a defendant. Treviño then filed a fourth amended petition. On February 25, 2019, Treviño filed a fifth amended petition, which is the live pleading in this case.

On March 19, 2019, Defendants Harry E. Newman, doing business as El Dorado Village, and Kathleen Kinder, Representative of the Estate of Arthur Newman ("the Newman Defendants") filed their Notice of Removal [#1] in this Court via the Case

---

[1] A copy of Treviño Fifth Amended Petition is attached as part of Exhibit A to Defendants Harry E. Newman, doing business as El Dorado Village, and Kathleen Kinder, Representative of the Estate of Arthur Newman's, Notice of Removal [#1].

2

Management/Electronic Case Files (CM/ECF) system, and provided Treviño with a copy of the removal petition. (Doc. 4, Ex. B at 1.) The Notice of Removal invoked this Court's federal-question jurisdiction. (Notice of Removal [#1] at ¶ 3.) Later that day, Treviño filed a sixth amended petition in state court. On March 20, 2019, the Newman Defendants filed their removal petition with the clerk of the state court.

Treviño filed a motion to remand [#3], arguing that this Court does not have subject-matter jurisdiction over this action because there is no federal question in this case. The Newman Defendants filed a response [#4], Treviño filed a reply [#5], and the Newman Defendants filed a sur-reply [#12]. The Court held an initial pretrial conference on June 18, 2019, at which argument was heard on Treviño's Motion to Remand. On June 21, 2019, Treviño filed a motion for leave to file an amended complaint [#18]. On July 8, 2019, Treviño filed an amended motion to remand [#22]. On August 28, 2019, Treviño's filed a second amended motion to remand [#27].

As explained more fully below, the Court has subject-matter jurisdiction over this case because Treviño's complaint states a federal question. However, Treviño subsequently amended his complaint to remove all federal claims, and the Court should decline to continue to exercise supplemental jurisdiction over Treviño's state-law claims and remand this matter to state court.

## II. Treviño's Second Amended Motion to Remand

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). Because the Newman Defendants invoked the jurisdiction of the federal courts by removing Treviño's state-court case to federal court, they

must prove that federal jurisdiction existed at the time of removal. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper.").

The Newman Defendants filed a notice of removal in this Court on March 19, 2019, asserting that Treviño's complaint raised a federal question.[2] The federal removal statute allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To determine whether jurisdiction is present for removal, the court considers the claims in the state-court petition as they existed at the time of removal. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995) ("[A] complaint amended post-removal cannot divest a federal court of jurisdiction."). "The removal statute is . . . to be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

Federal district courts have original jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine whether a case "arises under" federal law, courts apply the "well-pleaded complaint" rule, under which "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Willy v. Coastal Corp.*, 855 F.2d 1160, 1165 (5th Cir. 1988) ("In cases removed to federal court, the plaintiff's well-pleaded complaint, not the removal petition, must establish that the case arises under federal law."). A well-pleaded complaint presents a federal question when it

---

[2] In their Notice of Removal, the Newman Defendants alleged that "this case was not removable when originally filed," thereby disclaiming the existence of diversity. (Notice of Removal at ¶ 3.) Accordingly, this Court's jurisdiction must be based on the existence of a federal question under 28 U.S.C. § 1331.

"establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28 (1983).

Treviño moves to remand this action to state court for lack of subject-matter jurisdiction. In response, the Newman Defendants argue that Treviño's complaint states a claim created by federal law. The undersigned agrees.[3]

On December 17, 2018, Treviño filed a fourth amended petition, which added a section titled "Application for Permanent Injunction and Declaration." (Pl.'s Fourth Am. Pet.[4] at 7.) The last sentence of that section provides, in pertinent part: "Plaintiff hereby seek [sic] an Order: (1) directing the Defendant(s) to modify their premise to bring it into compliance with State law . . . ." (*Id.* at 7.) Treviño filed a fifth amended petition on February 25, 2019, which added the following language to the beginning of the above-quoted section:

> On or about July 26, 1990, Congress enacted the American with Disabilities Act ("ADA"), 42 U.S.C. Sec. 12101 *et seq.* Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective title III of the ADA was January 26, 1992, 42 U.S. C. Sec. 12181, 20 C.F.R. Sec. 36. 508(A).
>
> Pursuant to 42 U.S.C. Sec. 12181(7) and 28 C.F. R. Sec. 36.104, the premises are places of public accommodation in that it is a business that is owned and operated by a private entity and that provides goods and services to the public.
>
> The Defendant have discriminated and continue to discriminate against the Plaintiff and others who are similarly situated by denying safe access and equal enjoyment of the facilities in derogation of 42 U.S.C. Sec. 12101 *et seq.*

---

[3] In the alternative, the Newman Defendants claim that Treviño's references to federal law indicates that Treviño's right to relief necessarily depends on resolution of a substantial question of federal law. Because Treviño's complaint states a claim created by federal law, however, the Court need not, at this time, consider this argument.

[4] A copy of Treviño Fourth Amended Petition is attached as part of Exhibit A to the Newman Defendants' Notice of Removal [#1].

> The ADA is codified at 28 C.F.R. Part 36, Texas Architectural Barriers Act (Tex. Govt. Code Sec. 469, *et seq.,* Tex. Human Resource Code Sec. *121.003.*

(Fifth Am. Pet. at 7–8.) Treviño's Fifth Amended Petition also amended the last sentence of the Application for Permanent Injunction and Declaration section to state, in pertinent part: "Plaintiff hereby seek [sic] an Order: (1) directing the Defendant(s) to modify their premise to bring it into compliance with State *and Federal law* . . . ." (*Id.* at 9 (emphasis added).)

In his Fourth Amended Petition, Treviño sought an order requiring Defendants to comply "with State law." Now, however, Treviño seeks an order requiring Defendants to comply "with State and Federal law." That, combined with the insertion of four paragraphs related to the Americans with Disabilities Act of 1990 ("the ADA"), 42 U.S.C. §§ 12101–12213, leads the undersigned to conclude that Treviño's Fifth Amended Petition asserts a federal claim under the ADA.

Treviño's arguments to the contrary are unpersuasive. Treviño argues that he did not invoke the ADA to state a federal claim, but because "State Law incorporates standards from the ADA and applies them to State facilities." (Pl.'s First Am. Mot. to Remand at ¶ 2.13.) In so arguing, Treviño relies primarily on the Fifth Circuit's decision in *Howery v. Allstate Ins. Co.*, 243 F.3d 912 (5th Cir. 2001). But *Howery* is not analogous.

In *Howery*, the Fifth Circuit concluded that a passing reference to federal law in a state-court pleading, asserting only state law claims, did not confer federal-question jurisdiction. In that case, the plaintiff's home burned down. *See id.* at 914. When he demanded payment from his insurer, it refused, accusing him of arson. *See id.* The plaintiff filed suit in Texas state court, asserting breach-of-contract and bad-faith claims against his insurer. *See id.* In his tenth amended petition, the plaintiff mentioned, for the first time, "Federal Trade Commission rules,

regulations, and statutes." *Id.* at 915. Specifically, the plaintiff alleged that Allstate violated the Texas Deceptive Trade Practices–Consumer Protection Act, and further asserted that:

> Allstate's destruction of [Howery's] file . . . constituted a further violation of the Texas Deceptive Trade Practices Act, for which plaintiff sues for recovery. Allstate also engaged in conduct in violation of the Federal Trade Commission rules, regulations, and statutes by obtaining Plaintiff's credit report in a prohibited manner, a further violation of the Texas Deceptive Trade Practices Act.

*Id.* The insurer then removed the case to federal court, asserting federal-question jurisdiction. The Fifth Circuit disagreed, reasoning that:

> A fair reading of the complaint . . . makes clear that it was not invoking the [Fair Credit Report Act (FCRA)] to state a federal claim. Howery's mention of the FTC rules, regulations, and statutes falls in the middle of a list of alleged Allstate actions that Howery alleged were "further violation[s]" of the Texas Deceptive Trade Practices Act. From its context, it appears that Howery's mention of federal law merely served to describe types of conduct that violated the DTPA, not to allege a separate cause of action under the FCRA. This conclusion is bolstered by the fact that the complaint explicitly alleges that Allstate violated specific sections of the DTPA and Texas Insurance Code and regulations, but makes no explicit mention of any specific federal statute or regulation.

*Id.* at 917–18 (internal citations omitted). The Newman Defendants' reliance on *Howery* is misplaced because, in this case, Treviño's complaint explicitly mentions the ADA and its implementing regulations and *seeks injunctive relief under that federal statute*. Thus, Treviño's mention of the ADA does not merely serve to describe types of conduct that violated the TCHRA and the TABA, but to allege a separate cause of action and demand relief under the ADA.

Alternatively, Treviño argues that his Sixth Amended Petition was the live pleading at the time of removal.[5] Treviño acknowledges that his Fifth Amended Petition was the live pleading when the Newman Defendants filed their Notice of Removal in this Court on March 19, 2019.

---

[5] A copy of Treviño's Sixth Amended Petition is attached as Exhibit 1 to Treviño's Motion to Remand [#3].

However, later that day, Treviño filed a sixth amended petition in state court, and the Newman Defendants did not file a copy of their petition with the clerk of the state court until the next day, March 20, 2019. On this basis, Treviño contends that the Sixth Amended Petition was the live pleading at the time of removal and that the Sixth Amended Petition does not contain a federal question. The undersigned is unconvinced.

The Fifth Circuit has stated that "[f]ailure to file a copy of the removal petition with the state court clerk is a procedural defect, and does not defeat the federal court's jurisdiction." *Dukes v. S.C. Ins. Co.*, 770 F.2d 545, 547 (5th Cir. 1985); *see also Prewitt v. City of Greenville, Miss.*, 202 F.3d 265 (5th Cir. 1999) ("The failure of the removing party to file a notice of removal in the state court does not defeat the district court's jurisdiction.") (citing *Dukes*, 770 F.2d at 547). Treviño notes that the Fifth Circuit has also held that "the state court retains jurisdiction until the state court receives actual or constructive notice of the removal." *Dukes*, 770 F.2d at 547. On this basis, Treviño argues that "when the Plaintiff filed its Plaintiff's Sixth Amended Petition, the State Court had not lost jurisdiction since the Defendant had failed to file its Notice of Removal with the Bexar County District Clerk." (Pl.'s Reply to Def.'s Mem. in Resp. to Pl.'s Mot. to Remand [#5] at ¶ 2.1.) That may be true, but it misses the point.

There is some disagreement as to when removal is effective. *Compare Anthony v. Runyon*, 76 F.3d 210, 214 (8th Cir. 1996) ("[R]emoval is effected when the notice of removal is filed with the state court and at no other time") *with Resolution Tr. Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994) (stating that removal is effected simply by filing the notice of removal in the federal court). The procedure for removal of an action to a federal court is governed by 28 U.S.C. § 1446, which requires the defendants to, among other things, promptly notify the plaintiff of the removal in writing and file a copy of the petition with the clerk of the

8

state court.  As Treviño notes in his Motion to Remand, the Fifth Circuit has held that "the state court continues to have jurisdiction until it has been given actual or constructive notice of removal." *Murray v. Ford Motor Co.*, 770 F.2d 461, 463 (5th Cir. 1985).  When Treviño filed his Sixth Amended Petition in state court, the Newman Defendants had not yet filed a copy of the petition with the clerk of the state court, and, therefore, the state court still had jurisdiction.

But the issue in this case is not when the state court's jurisdiction ended; rather, it is when this Court's jurisdiction began.  "Federal jurisdiction commences when the defendant files the notice of removal with the district court, and filing the notice with the state clerk affects the state's jurisdiction rather than federal jurisdiction." *Malloy v. Ocwen Loan Servicing*, LLC, No. 3:18-CV-379-G (BH), 2018 WL 5315840, at *2 (N.D. Tex. Oct. 5, 2018), *report and recommendation adopted*, No. 3:18-CV-0379-G (BH), 2018 WL 5312839 (N.D. Tex. Oct. 26, 2018) (internal quotations and citations omitted).  When the Newman Defendants filed their Notice of Removal with this Court, Treviño's Fifth Amended Petition was the live pleading.  That Treviño subsequently filed a sixth amended petition in state court does not affect this Court's jurisdiction.  *Cf. Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) ("We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events.").

"The purpose of filing a copy of the removal petition with the state court is to inform the state district judge that he can no longer proceed with the case until the federal court decides whether it will retain jurisdiction or not." *Nixon v. Wheatley*, 368 F. Supp. 2d 635, 640 (E.D. Tex. 2011) (internal quotation marks and citation omitted).  Here, the state-court record shows that no action was taken by the state court between March 19, 2019, when the notice of removal was filed in this Court, and March 20, 2019, when a copy of the notice was filed in state court.

And no action has been taken by the state court since then. Consequently, the purpose of § 1446(d) would not be undermined by this Court's exercise of jurisdiction.[6]

In sum, Treviño's Fifth Amended Petition, which is the live pleading in this case, states a claim created by the laws of the United States. Thus, this Court has subject-matter jurisdiction over this case, and Treviño's motions to remand should be denied.

### III. Treviño's Motion for Leave to File Complaint

Federal Rule of Civil Procedure 15(a) applies to amendments before trial and provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fifth Circuit has observed that "Rule 15(a) 'evinces a bias in favor of granting leave to amend.'" *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016) (quoting *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002)); *see also Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) ("The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading."). "This leave to amend, however, is by no means automatic." *Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991). Therefore, whether a party should be allowed to amend his pleadings is a decision that is left to the sound discretion of the district court. *See Moody v. FMC Corp.*, 995 F.2d 63, 65 (5th Cir. 1993). In exercising its discretion, "the district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

---

[6] The Newman Defendants also argue that, even if Treviño's Sixth Amended Petition was the live pleading at the time of removal, this Court would still have federal-question jurisdiction over this case. That is so, the Newman Defendants argue, because Treviño's Sixth Amended Petition, like his Fifth Amended Petition, seeks an order requiring Defendants to comply "with State and Federal law." (Pl.'s Sixth. Am. Pet. [#3-1] at 8.) However, because the Court finds that Treviño's Fifth Amended Petition was the live pleading at the time of removal, the Court need not, at this time, consider this argument.

10

amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). Ultimately, however, "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Dussouy*, 660 F.2d at 598.

Treviño has filed a motion for leave to file an amended complaint, the purpose of which appears to be to remove all federal claims. The Newman Defendants argue that the motion to amend should be denied because it is an attempt to circumvent federal jurisdiction. In support of their position, the Newman Defendants quote language from *In re Wilson Indus., Inc.*, 886 F.2d 93, 95 (5th Cir. 1989), that "it has long been held that a plaintiff may not precipitate a remand of an action by amending the complaint to eliminate the basis for removal." But the Newman Defendants omitted from their brief the first five words of the above-quoted sentence. In fact, *In re Wilson* stated that, "*[w]ith one exception discussed below*, it has long been held that a plaintiff may not precipitate a remand of an action by amending the complaint to eliminate the basis for removal." *Id.* (emphasis added). *In re Wilson* then explained that the one exception to that rule is cases involving pendent state-law claims and then cited to the Supreme Court's decision in *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988), in which the Court held that a district court has discretion to remand pendent state-law claims after the plaintiff has dropped the federal cause of action on which removal was originally based. *See In re Wilson*, 886 F.2d at 95. Viewed in this context, *In re Wilson* supports Treviño's position and not that of the Newman Defendants.

In short, under the liberal standard for granting leave to amend pleadings, Treviño should be allowed to amend his complaint. Accordingly, Treviño's motion to file an amended complaint is granted.

## IV. Remand Recommendation

Treviño Original Complaint[7] does not state a federal claim, and it is recommended that the Court decline to exercise jurisdiction over Treviño's pendent state-law claims and remand this case to Texas state court. In deciding whether to exercise jurisdiction over pendent state-law claims, the district court should consider the statutory factors set forth in 28 U.S.C. § 1367(c), and the common-law factors of judicial economy, convenience, fairness, and comity. *See Carnegie-Mellon*, 484 U.S. at 353; *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). "These interests are to be considered on a case-by-case basis, and no single factor is dispositive." *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008). Section 1367 authorizes a district court to decline to exercise supplemental jurisdiction over a state-law claim if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

§ 1367(c).

In this case, the Court dismissed all federal claims when it granted Treviño's motion to file an amended complaint. Thus, § 1367(c)(3) counsels remand. In addition to the statutory factors, the common-law factors of judicial economy, convenience, fairness, and comity also weigh in favor of declining jurisdiction. At the time the federal claims were deleted, the Court had conducted only one hearing on the case, an initial pretrial conference on June 18, 2019.

---

[7] Treviño styled his amended pleading as "Plaintiff's Original Complaint," and the undersigned will refer to it as such.

Thus, hardly any federal-court resources have been devoted to the consideration of the state-law claims. *See La Porte Const. Co. v. Bayshore Nat. Bank of La Porte*, 805 F.2d 1254, 1257 (5th Cir. 1986) (reasoning that the judicial-economy factor favored remand because there was no commitment of federal-judicial resources). Also, it is fair to have exclusively state-law claims heard in state court, and there is nothing to indicate that remand would prejudice the litigants, who have been in federal court for only a few months. Finally, "[r]emanding state claims to a state court certainly satisfies 'interests of federalism and comity.'" *Welch v. Jannereth*, 496 Fed. App'x 411, 414 (5th Cir. 2012) (quoting *Enochs v. Lampasas Cty.*, 641 F.3d 155, 160 (5th Cir. 2011)).

The Newman Defendants claim that the statutory and common-law factors weigh in favor of retaining jurisdiction because Treviño's motion to amend his complaint to remove all federal claims is a form of forum manipulation. But the Fifth Circuit rejected such an argument in *Enochs*. In that case, the Fifth Circuit held that the district court abused its discretion by failing to remand the case to Texas state court after all federal claims had been deleted and only Texas state-law claims remained. *See Enochs*, 641 F.3d at 163. The court explained that:

> Guarding against improper forum manipulation is only one of the important considerations we examine in determining whether a district court abused its discretion in failing to remand. It is not so serious of a concern that it can become a trump card which overrides all of the other factors we are instructed to consider and balance.

*Id.* at 160–61. Accordingly, as a general rule, "a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." *Brookshire Bros. Holding v. Dayco Prod., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009); *see also Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our

general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed.").

In sum, the balance of statutory and common-law factors weighs in favor of remand. Therefore, the Court should relinquish jurisdiction over the Texas state-law claims and remand this case to Texas state court.

## V. Conclusion and Recommendations

Having considered the motions, the related filings, the arguments made at the initial pretrial conference, the applicable legal authorities, and the entire record in this matter, the undersigned recommends that Treviño's Motion to Remand [#4] and Amended Motion to Remand [#22] be **DENIED AS MOOT,** and that Treviño's Second Amended Motion to Remand [#27] be **DENIED.**

In addition, for the reasons set forth above, the Court is of the opinion that Treviño's motion to amend should be granted. **IT IS, THEREFORE, ORDERED** that Treviño's Motion for Leave to File Complaint [#18] is **GRANTED. IT IS FURTHER ORDERED** that the United States District Clerk shall **FILE** Treviño's Original Complaint, attached as Exhibit 1 to Treviño's Motion for Leave to File Complaint.

Finally, it is recommended that the Court decline to exercise supplemental jurisdiction over Treviño's state-law claims, and that this case be **REMANDED** to the 150th Judicial District Court of Bexar County, Texas.

Also before the Court are Defendants Harry E. Newman and Kathy Kinder, Independent Representative of the Estate of Arthur Newman, d/b/a El Dorado Village's Motion for Leave to File Third Amended Answer [#24] and Defendants Harry E. Newman and Kathy Kinder, Independent Representative of the Estate of Arthur Newman, d/b/a El Dorado Village's Rule 702

Motion to Exclude the Testimony and Opinions of Norm Cooper, or, Alternatively, for a *Daubert* Hearing [#29]. Because the undersigned has recommended that this case be remanded to state court, the undersigned recommends that these motions be held in abeyance pending the District Court's review of this report and recommendation. If the District Court accepts the undersigned's recommendation, the motions will be remanded for disposition by the state court.

### VI. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Report and Recommendation must be filed within fourteen (14) days after being served with a copy of same, unless this time period is modified by the district court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a de novo determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the

unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 16th day of September, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE